3022501

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.:

JONATHAN AUGUSTA,

Plaintiff,

vs.

BOBCAT, LLC,

Defendant.

_______________________________/

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff, JONATHAN AUGUSTA, hereby sues Defendant, BOBCAT, LLC, and states as follows:

**JURISDICTION, PARTIES, & VENUE**

1. Plaintiff is an individual over the age of eighteen years, *sui juris*, and a resident of Sarasota County, Florida.

2. Plaintiff is a disabled veteran that suffers from conditions including but not limited to Traumatic Brain Injury and Post-Traumatic Stress Disorder, which substantially limit one or more of Plaintiff's major life activities. Accordingly, Plaintiff is a person with a disability under the ADA.

3. Plaintiff uses a dog that has been individually trained to do work and perform tasks for the benefit of Plaintiff, which are directly related to Plaintiff's disability. Accordingly, this dog is considered a service animal under the ADA.

4. Defendant is a Florida limited liability company with its principal address at 1506 Casey Key Dr., Punta Gorda, FL 33950

5. Upon information and belief, Defendant is the owner, lessor, or operator of "Simply Sweet" located at 1200 W. Retta Esplande #50, Punta Gorda, FL 33950 (the "Store"). The Store affects commerce and is considered a place of "public accommodation," as that term is defined in 42 U.S.C. § 12181(7).

6. Pursuant to 42 U.S.C. § 12188, this Court is provided with jurisdiction to grant Plaintiff injunctive relief.

7. Venue is proper in this Court because the Store is located in Charlotte County, Florida and the conduct complained of occurred in Charlotte County, Florida.

## FACTUAL BACKGROUND

8. On February 12, 2016, Plaintiff visited the Store accompanied by his service animal, intending to enjoy the goods and services offered by Defendant to the general public.

9. Plaintiff placed Defendant on notice that his dog was a service animal.

10. Due to Plaintiff being accompanied by a service animal, Defendant refused Plaintiff goods and services available to the public.

11. The conduct of Defendant's employees, management, and/or staff at the

Store caused Plaintiff embarrassment, emotional distress, and deprived him of his civil rights.

12. Plaintiff has retained the law firm of Morgan & Morgan, P.A., and is obligated to pay said firm a reasonable attorneys' fee for its services in connection with the prosecution of this action.

13. All other conditions precedent have been satisfied by Plaintiff or have been waived by Defendant.

**COUNT I—VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12181, ET SEQ.**

14. Plaintiff realleges and incorporates the allegations of Paragraphs 1-13 as if fully set forth herein.

15. This is an action for declaratory and injunctive relief against Defendant for violations of the Title III of the Americans with Disabilities Act, 42 U.S.C. §12182 (the "ADA"), which provides that "no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. 12182(a).

16. Discrimination for purposes of 42 U.S.C. § 12182(a) includes: "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making

such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations." 42 U.S.C. § 12182(b)(2)(A)(ii).

17. Under the ADA, public accommodations must allow service animals to accompany individuals with disabilities in all areas of the facility where the public is normally allowed to go.[1]

18. The Store affects commerce and is considered a place of "public accommodation," as that term is defined in 42 U.S.C. § 12181(7).

19. As set forth above, Plaintiff suffers from Traumatic Brain Injury and Post-Traumatic Stress Disorder, conditions that substantially limit one or more major life activities. Plaintiff is considered an individual with a "disability" as that term is defined under 42 U.S.C. § 12102 of the ADA.

20. Plaintiff's dog has been individually trained to do work or perform tasks related to Plaintiff's disability. As set forth above, this is considered a "service animal" under the ADA.

21. Upon information and belief, Defendant controls the policies, procedures, training and practices followed by its employees related to individuals with disabilities and service animals at the Store.

22. Upon information and belief, Defendant has a policy, practice, or procedure of denying or interfering with the rights of individuals with disabilities accompanied by service animals, or otherwise fails to adequately train its employees of those rights.

---

[1] *See*, United States Department of Justice, Civil Rights Division, Disability Rights Section, "Service Animals," July 12, 2011 (http://www.ada.gov/service_animals_2010.htm).

23. The policies, procedures, training and practices of Defendant as alleged herein discriminate against Plaintiff because of Plaintiff's disability by excluding Plaintiff from the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations offered by Defendant in violation of the ADA, 42 U.S.C. 12182.

24. Modifications to Defendant's policies, procedures, training and practices necessary to accommodate disabled individuals with service animals are reasonable and would not create an undue burden for Defendant or fundamentally alter the nature of services they provide to the general public at the Store.

25. As a resident of Sarasota County, Plaintiff desires to visit the Store in the future, once its policies, procedures, training and practices come into compliance with the ADA.

26. Plaintiff has suffered direct and indirect injury as a result of Defendant's discrimination. Until Defendant is compelled to comply with the requirements of the ADA, his injury will continue. Thus, Plaintiff is compelled to seek relief in this action because Defendant has failed to implement non-discriminatory policies, procedures, training and practices in violation of the ADA.

27. Plaintiff is without adequate remedy at law and is suffering irreparable harm.

WHEREFORE, Plaintiff respectfully requests:

a) The Court issue a Declaratory Judgment that determines that Defendant has violated and is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181;

b) Injunctive relief against Defendant, including an order to require Defendant to make reasonable modifications in its policies, procedures, training and practices at the Store, necessary to afford all offered goods, services, facilities, privileges, advantages, or accommodations to Plaintiff and all individuals with disabilities;

c) An award of attorney's fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205; and

d) Such other relief as the Court deems just and proper.

Respectfully submitted this 9th day of March, 2016.

ERIC W. DEMING, ESQUIRE
Florida Bar No. 43678
MORGAN & MORGAN, P.A.
20 N. Orange Avenue, 4th Floor
Post Store Box 4979
Orlando, FL 32802-4979
(407) 420-1414
(407) 423-7928 - Facsimile
Attorneys for Plaintiff
Primary Email: EDeming@forthepeople.com